**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellant,

v.                                                          No. 95-5451

QUINTON D. RAINEY, a/k/a Q,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
John A. MacKenzie, Senior District Judge.
(CR-94-69)

Argued: June 6, 1996

Decided: October 15, 1996

Before MURNAGHAN, WILKINS, and LUTTIG, Circuit Judges.

_____

Vacated and remanded with instructions by unpublished per curiam
opinion.

_____

**COUNSEL**

**ARGUED:** Fernando Groene, Assistant United States Attorney, Nor-
folk, Virginia, for Appellant. Richard W. Hudgins, Newport News,
Virginia, for Appellee. **ON BRIEF:** Helen F. Fahey, United States
Attorney, Norfolk, Virginia, for Appellant.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Quinton D. Rainey was convicted of conspiracy to distribute cocaine base and possession of cocaine base with the intent to distribute, see 21 U.S.C.A. §§ 841(a)(1), 846 (West 1981 & Supp. 1996); the district court sentenced him to 135 months imprisonment. The Government now appeals the refusal of the district court to impose the statutorily required mandatory minimum sentence of 20 years. See 21 U.S.C.A. § 841(b)(1)(A) (West Supp. 1996). We summarily reverse and remand for resentencing before another district judge.

I.

Prior to trial, the Government filed an information pursuant to 21 U.S.C.A. § 851(a)(1) (West 1981), certifying that in March 1993 Rainey was convicted of possession of cocaine with the intent to distribute, a felony under Virginia law. See Va. Code Ann. § 18.2-248 (Michie 1996). Rainey raised no challenge to the § 851(a)(1) certification, see 21 U.S.C.A. § 851(b) (West 1981), and did not object to the proposed finding in the presentence report that he was accountable for in excess of 50 grams of cocaine base. However, at sentencing the district court refused to hear the Government's argument that imposition of a mandatory minimum sentence of 20 years imprisonment was required by 21 U.S.C.A. § 841(b)(1)(A) and instead sentenced Rainey to 135 months imprisonment. The Government appeals.

II.

Congress has provided that a defendant who is convicted of violating 21 U.S.C.A. § 841(a) must receive a sentence of at least 20 years imprisonment if the drug violation involves 50 grams or more of cocaine base and if the "person commits such a violation after a prior conviction for a felony drug offense has become final." 21 U.S.C.A.

2

§ 841(b)(1)(A). There is no dispute that Rainey possessed the predicate felony drug conviction. Nor is there any dispute that Rainey's instant violation involved more that 50 grams of cocaine base. Indeed, on appeal, as before the district court, Rainey offers no argument that the 20-year mandatory minimum sentence should not have been imposed. Accordingly, we vacate the sentence imposed in clear violation of a mandate of Congress and remand for resentencing before another district judge.

VACATED AND REMANDED WITH INSTRUCTIONS

3